UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE GALINDO and GONZALO CORNELIO BASURTO, individually and on behalf of others similarly situated,

                  Plaintiffs,

-against-

YUMMY FOODS DELI CORP. d/b/a YUMMY FOOD DELI, FOUAD HAMOUD HADWAN, and TAWFIQ HADWAN,

                  Defendants.

21-CV-45 (JGLC) (SLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiffs' motion for default judgment (ECF No. 111) was referred to Magistrate Judge Cave for a Report and Recommendation. *See* ECF No. 114. In the Report and Recommendation filed on January 17, 2024, Magistrate Judge Cave recommended that the motion be granted and that Plaintiffs Galindo and Cornelio be awarded damages. *See* ECF No. 118.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

1

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 118. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

1. The motion for default judgment is GRANTED.
2. Plaintiff Galindo is awarded:
   a. Compensatory damages in the amount of $12,652.52, consisting of $10,263.17 in overtime wages and $2,389.35 in spread-of-hours wages,
   b. Liquidated damages in the amount of $12,652.52,
   c. Prejudgment interest on Galindo's damages for overtime and spread-of-hours wages (i.e., $12,652.52) at a rate of nine percent per year from the period of June 14, 2020 through the date of entry of judgment (the date of this order), and
   d. Postjudgment interest pursuant to 28 U.S.C. § 1961;

3. Plaintiff Cornelio is awarded:

    a. Compensatory damages in the amount of $37,191.50, consisting of $6,685.74 in Straight Time Wages, $24,379.74 in overtime wages, and $6,126.02 in spread-of-hours wages,

    b. Liquidated damages in the amount of $37,191.50,

    c. Prejudgment interest on Cornelio's damages for unpaid minimum, overtime, and spread-of-hours wages (i.e., $37,191.50) at a rate of nine percent per year from the period of April 28, 2020 through the date of entry of judgment (the date of this order), and

    d. Postjudgment interest pursuant to 28 U.S.C. § 1961;

4. Plaintiffs are awarded attorneys' fees in the amount of $14,285.00;

5. Plaintiffs are awarded costs in the amount of $402.00;

6. Pursuant to NYLL § 198(4), an automatic increase of judgment shall be applied to damages awarded under the NYLL that remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal, and no appeal is then pending, whichever is later; and

7. Plaintiffs' claims for statutory damages under the WTPA (New York Wage Theft Prevention Act, NYLL §§ 195, et seq.) be DISMISSED WITH PREJUDICE for lack of standing.

The Clerk of Court is directed to terminate ECF No. 111 and close the case.

SO ORDERED.

Dated: February 9, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge